In the Matter of the Claim of ANNA CHERVINSKI, Respondent, against LEHIGH VALLEY RAILROAD COMPANY, Employer and Self-Insurer, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 2, 1940.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*William M. Fay* of counsel; *V. P. Sennett* with him on the brief], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum, Assistant Attorney-General,* of counsel], for the State Industrial Board.

*George E. Phillies,* for the claimant.

SCHENCK, J.   The sole point at issue here is whether the deceased was engaged in interstate or intrastate commerce at the time of his death.   The appellant has been held liable as a self-insurer by the State Industrial Board on the theory that the deceased's fatal accident occurred while he was engaged in intrastate commerce. The appellant contends that the evidence indicating that the deceased was engaged in interstate commerce is sufficient to overcome the presumption that prevails, in the absence of substantial evidence to the contrary, that the deceased was subject to the New York Workmen's Compensation Law at the time of his death. (Workmen's Compensation Law, § 21.)

There were no eye witnesses to the accident.   The cause of death, therefore, can, at best, be determined only by circumstantial evidence.   The appellant has compiled a chain of facts and circumstances that pyramid in such a manner as to indicate, in its opinion, that the deceased was engaged in work upon a caboose that was being incorporated into a train carrying interstate shipments at the time of his death.   Accordingly, the appellant argues, he was engaged in interstate commerce and not subject to the State compensation law.

I think this conclusion is erroneous.   I do not believe that the circumstantial evidence introduced by the appellant is sufficiently conclusive to overcome the presumption that the State law applies. Upon this point the evidence is almost wholly speculative.   The only concrete fact shown is that the deceased was told to attach a

clamp nut to the caboose in question on what was known as track No. 6 at two-forty-five A. M. of the day on which his body was found at six-forty A. M. From the appellant's own evidence it is plain that the deceased did not attend to the job at the time directed. Instead, he went home for lunch and returned to the railroad yards some time later. He was last seen alive at five-twenty A. M., after completing a job on a train on track 9. At approximately five-forty A. M. an engine pushed a car containing an interstate shipment against the caboose in question, and it is apparently the argument of the appellant that the deceased was killed in the course of this operation. The basis of this conclusion is that (1) the body was found near the place where this operation occurred; (2) the nut which deceased had been instructed to attach was partially tightened; (3) a monkey-wrench used to tighten nuts was found nearby; (4) an employee riding on an engine on track 6 at five-twenty A. M. did not see anybody or anything near the place of the accident.

Analyzing these four points it seems clear that they are insufficient to prove that the deceased was killed at the time and place alleged. The net result of all evidence offered indicates that the deceased was roaming around the yard for several hours with train movements constantly going on about him. There were several movements at the place where his body was found near a caboose which he had been ordered to repair more than four hours before. That his body was found near the site of an interstate movement is obviously inconclusive, especially as there were several strictly intrastate operations going on at the time. The fact that a nut had been partially tightened does not prove that the deceased was killed while tightening it or that he ever touched it at all. An ordinary monkey-wrench near his body, of course, establishes nothing in a railroad yard where many employees are equipped with such tools. The fact that someone riding on an engine near the scene where the body was found did not see anything does not necessarily mean that there was no body there which might have been seen upon close inspection. In other words, the straws that build up the appellant's case may all readily be blown down. The Industrial Board would have been fully justified in determining that the accident more likely occurred from any one of a number of different operations and train movements in and about the place where the body was found. As one of these operations might well have been intrastate, it should be held that the presumption under section 21 has not been overcome by the appellant.

The award of the State Industrial Board should be affirmed, with costs.

HILL, P. J., HEFFERNAN and FOSTER, JJ., concur; CRAPSER, J., dissents, and votes to reverse the decision of the Industrial Board and to dismiss the claim on the ground that the decedent was engaged in interstate commerce.

Award of the State Industrial Board affirmed, with costs to the State Industrial Board.